IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MAURICE-EDWARD THOMPSON,

    Plaintiff,

v.                                               CIVIL ACTION NO. 2:24-cv-00268

S. WILSHIRE, et al.,

    Defendants.

**PROPOSED FINDINGS AND RECOMMENDATION**

    This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and by standing order entered January 4, 2016, and filed in this case May 31, 2024, is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3). Pending before the Court is a *Motion to Dismiss* (ECF No. 24), filed March 10, 2025, by Defendant S. Wilshire. Plaintiff Maurice-Edward Thompson, who is proceeding *pro se*, responded in opposition on March 21, 2025, (ECF No. 27), and Defendant timely replied (ECF No. 28). The matter is ready for adjudication.

    For the reasons explained more fully herein, it is respectfully **RECOMMENDED** that Defendant's *Motion to Dismiss* (ECF No. 24) be **DENIED WITHOUT PREJUDICE** and Plaintiff be granted leave to amend his *Amended Complaint*.

**I.    BACKGROUND**

    Plaintiff filed his initial *Complaint* in this matter on May 30, 2024. (ECF No. 2). After Defendant moved to dismiss on August 16, 2024, the Court granted Plaintiff leave

to amend his *Complaint*. *See* (ECF Nos. 12, 22). On February 24, 2025, Plaintiff filed the operative *Amended Complaint* against Defendant.[1] (ECF No. 18).

According to Plaintiff, on April 28, 2024, he was pulled over by Defendant, an officer with the Oak Hill Police Department, for a traffic stop due to an alleged malfunction of his registration plate light. (*Id.* at 2). Plaintiff was then directed by Defendant to exit his vehicle, and Plaintiff complied. (*Id.*). Defendant then placed Plaintiff in handcuffs and, together with other officers, began forcing Plaintiff into Defendant's police cruiser above Plaintiff's requests to speak to a supervising officer. (*Id.*). Plaintiff contends that he asked the officers to be patient because herniated discs in his back and arthritis in his left knee made it difficult to get into the vehicle comfortably. (*Id.*). Despite Plaintiff's requests, Defendant and the other officers continued to force him into the police cruiser. (*Id.*).

Plaintiff contends that the broken light cited by Defendant in the traffic stop was mere pretext for the traffic stop and that Defendant "[took] it upon himself to arrest [Plaintiff] without probable cause." (*Id.* at 3). Accordingly, Plaintiff asserts three causes of action under 42 U.S.C. § 1983 for violations of the Fourth Amendment in his *Amended Complaint*: (1) a violation of his due process rights; (2) unlawful arrest; and (3) use of excessive force. (ECF No. 18).

On March 10, 2025, Defendant filed the instant *Motion to Dismiss*, arguing that Plaintiff's *Amended Complaint* should be dismissed for failure to state a claim upon which relief can be granted and that Defendant is entitled to qualified immunity from suit. (ECF No. 24). In response, Plaintiff contends that Defendant and another unnamed officer

---

[1] Plaintiff clarifies in his Response that, despite referencing the Oak Hill Police Department in his *Complaint*, his claims are against S. Wilshire only. (ECF No. 27 at 7).

2

violated their duties and oath of office by turning on the emergency lights in their police cruiser when they pulled him over and that the stop was "all because of a previous encounter" he had with Defendant, not based on reasonable suspicion. (ECF No. 27 at 2, 6). He further contends that traffic infractions are not crimes justifying a warrantless arrest or detention, and thus, his arrest was unlawful. (*Id*. at 3). Finally, he asks this Court to "reject the doctrines of absolute and qualified immunity completely" and find Defendant liable for Plaintiff's alleged injuries. (*Id*. at 4-5).

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure (the "Federal Rules") require a plaintiff's complaint, which is a type of "pleading," to set forth a "short and plain statement of the claim showing that [he or she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this procedural rule is to ensure that a plaintiff's complaint provides the defendant with "fair notice" of the plaintiff's legal claims, and the alleged factual "grounds" for plaintiff's entitlement to relief pursuant to those claims. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for all civil actions[.]") (quotation omitted); *accord Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). Pursuant to Federal Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may challenge the legal sufficiency of a complaint by filing a motion to dismiss, which posits that, even if the facts alleged by the plaintiff are true, the complaint fails to state "a claim upon which relief can be granted" under the applicable law. *Glessner v. Chardan, LLC*, 22-cv-3333, 2023 WL 4351331, at *2 (D. Md. July 5, 2023) (citing *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); Fed. R. Civ. P. 12(b)(6)).

To survive a motion to dismiss under this minimal standard, the complaint only

needs to set forth enough allegations of fact which, if true, suggest a clearly identifiable legal claim for relief that "is plausible on its face." *Twombly*, 550 U.S. at 556, 570. For a claim to be "plausible," the complaint does not need to include "detailed factual allegations." *Twombly*, 550 U.S. at 555. Further, a complaint should not be dismissed simply because the actual *proof* of those facts is improbable, because recovery is unlikely, or because the legal theory supporting the claim is not stated perfectly. *Id.*; *accord Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam). On the other hand, a complaint may not simply rely on bald accusations, conclusory statements, or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). The U.S. Supreme Court has explained that if the complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," dismissal is proper. *Twombly*, 550 U.S. at 555. In other words, it is fundamentally insufficient for a complaint to be made up of nothing more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Instead, the complaint must plead facts which move the claim beyond the realm of mere possibility and allow the court to draw the reasonable inference that the defendant is liable. *Iqbal*, 556 U.S. at 678.

When reviewing a defendant's motion to dismiss, the Court decides whether the complaint met this standard by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to "reasonably infer" that the plaintiff is entitled to the legal remedy he or she seeks. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Additionally, when a plaintiff is proceeding "pro se"—or in other words, without

legal counsel—the Court must "liberally construe" the complaint, meaning that it is held to a less stringent standards than if it had been drafted by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Therefore, when a potentially viable complaint is deficient but its shortcomings can be remedied by amendment, the pro-se plaintiff should be given an opportunity to amend the complaint and "particularize" his or her allegations. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *accord Gordon v. Leeke*, 574 F.2d 1147, 1151-53 (4th Cir. 1978) ("What might be a meritorious claim on the part of a pro se litigant unversed in the law should not be defeated without affording the pleader a reasonable opportunity to articulate his cause of action."); *Coleman v. Peyton*, 370 F.2d 603, 604 (4th Cir. 1965) (reversing dismissal and explaining that "claims of legal substance should not be forfeited because of a failure to state them with technical precision"). Nevertheless, the requirement of liberal construction does not mean that the Court may ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990) (citing *Iqbal*, 556 U.S. at 685 (2009). Likewise, "a district court is not required to recognize obscure or extravagant claims defying the most concerted efforts to unravel them." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("[E]ven a solicitous examination of the allegations reveals little on which federal subject matter jurisdiction may be based.") (internal markings omitted). In other words, the mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him or her, or "conjure up questions never squarely presented" to the Court. *Randolph v. Baltimore City*, 14-3176, 2014 WL 5293708, at *1 (D. Md. Oct. 14,

5

2014), *aff'd sub nom. Randolph v. New Tech*, 588 Fed. App'x 219 (4th Cir. 2014) (citations omitted) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)). *See also Weller*, 901 F.2d at 391 (affirming dismissal where the "complaint fail[ed] to allege anything that even remotely suggests a factual basis for the claim," and explaining that "[t]he 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate"). Consequently, the Court may deny leave to amend when "the amendment would be futile," such that "it is clearly insufficient or frivolous on its face" or "if the claim it presents would not survive a motion to dismiss." *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010); *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019).

## III. ANALYSIS

Construing Plaintiff's *Complaint* liberally, in light of his status as both a pro-se party and the non-moving party, the Court surmises that Plaintiff seeks to assert three constitutional claims against Defendant, Officer S. Wilshire, pursuant to 42 U.S.C. § 1983, based upon three alleged Fourth Amendment violations.

First, Plaintiff appears to assert that Defendant conducted an unlawful *Terry stop* of Plaintiff's vehicle due to an alleged "malfunction of a registration plate light," which violated Plaintiff's due process rights. (ECF No. 18 at 2). It is well-settled that "a traffic stop based on a reasonable suspicion of a traffic violation comports with the Fourth Amendment." *Hawthorne v. Cty. of Putnam*, 492 F. Supp. 3d 281, 295 (S.D.N.Y. 2020). *Cf. United States v. DeSantis*, 23-4421, 2024 WL 3439423, at *1 (4th Cir. July 16, 2024) (finding that "upon observing DeSantis following too closely to another vehicle, Ohio State Trooper Seth Jones had probable cause to believe a traffic violation had been committed and therefore lawfully stopped the vehicle"). "[I]n determining whether a

6

traffic stop is reasonable, [courts] apply the standard articulated in *Terry v. Ohio*, 392 U.S. 1 (1968), wherein the court asks," *inter alia*, "if the stop was legitimate at its inception[.]" *United States v. Smith*, 2:18-cr-173, 2019 WL 4691469, at *2 (S.D. W. Va. Sept. 25, 2019) (citing *United States v. Bowman*, 884 F.3d 200, 209 (4th Cir. 2018)). Even if the officer is ultimately incorrect about whether the traffic infraction occurred, a mistaken but reasonable belief does not violate the Fourth Amendment, which simply "requires that an officer making a traffic stop have probable cause or *reasonable suspicion* that the person stopped has committed a traffic violation[.]" *United States v. Stewart*, 551 F.3d 187, 191 (2d Cir. 2009). *See also United States v. Martin,* 411 F.3d 998, 1001 (8th Cir. 2005) ("The determinative question is not whether [defendant] actually violated the Motor Vehicle Code by operating a vehicle with one defective brake light, but whether an objectively reasonable police officer could have formed a reasonable suspicion that [defendant] was committing a code violation."); *United States v. Lopez–Soto,* 205 F.3d 1101, 1105 (9th Cir.2000) ("[T]he Fourth Amendment requires only reasonable suspicion in the context of investigative traffic stops.").

In *Hawthorne*, the plaintiff argued that the officer in that case, Deputy Kennedy, violated the Fourth Amendment by initiating a traffic stop in light of the ultimate dismissal of the traffic citations. *Hawthorne*, 492 F. Supp. 3d at 295-96. The U.S. District Court for the Southern District of New York found that the officer's traffic stop "does not automatically give rise to a Fourth Amendment claim . . . [n]or does it equate in itself to a plausible allegation that Deputy Kennedy lacked reasonable suspicion to justify a *Terry* stop." *Id.* at 296. The court in *Hawthorne* found it significant that the plaintiff "does not go so far as to accuse Deputy Kennedy of falsifying the allegation in order to create pretext for a traffic stop." *Id.* at 295. Because the plaintiff stopped short of "assert[ing] facts

7

expressly challenging [Officer Kennedy's] version of events," the court dismissed his claim.

Here, like in *Hawthorne*, Plaintiff falls short of explicitly alleging that Defendant falsified the allegation in order to create pretext for a traffic stop, instead implying that the traffic stop must have been pretextual because Defendant "did not bring [the broken light] forward in his charges." (ECF No. 18 at 3). Plaintiff alleges that Officer Wilshire has had prior dealings with him and that "he was asserting his 'authority'" by arresting him without probable cause. (*Id.*). However, the Court's Fourth Amendment analysis "does not depend on the actual motivations of the individual officers involved." *Whren v. United States*, 517 U.S. 806, 813 (1996). *See also United States v. Lucas*, 19-cr-3937, 2021 WL 3700944, at *1 n.1 (2d Cir. Aug. 20, 2021) (finding the argument that tinted windows were not the actual reason that the police stopped a defendant was "irrelevant" to whether there was probable cause under *Whren*). Without more factual allegations, it is not clear from the face of the Complaint whether Defendant's alleged actions violated the Fourth Amendment. Despite giving Plaintiff leave to amend his original *Complaint*, the factual deficiencies that plagued that *Complaint* remain.

The second of Plaintiff's three apparent Fourth Amendment claims under § 1983 appears to be a claim for "unlawful arrest." (ECF No. 18 at 1). However, the U.S. Supreme Court has held that an officer has probable cause to arrest an individual for even a minor traffic violation that is committed in the officer's presence. *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001) (upholding warrantless arrest based upon driver's failure to wear seatbelt). *See also United States v. Fayton*, 694 F. Supp. 3d 179, 191 (S.D.N.Y. 2023) ("While it may not be the NYPD's general approach to arrest a driver and take him back to the precinct for minor traffic violations committed in the officers' presence, rather than

8

issue a ticket or summons on site, such an arrest is reasonable under the Fourth Amendment."). Thus, just as with the prior claim, without more, it is not clear from the face of the *Amended Complaint* whether Officer Wilshire's alleged actions violated the Fourth Amendment.

Third and finally, Plaintiff asserts a claim for excessive force. However, this claim, too, suffers from fatally scant factual detail. A "claim that law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or other 'seizure' of [a] person" is "properly analyzed under the Fourth Amendment's 'objective reasonableness' standard." *Estate of Armstrong ex rel. Amrstrong v.Vill. of Pinehurst*, 810 F.3d 892, 899 (4th Cir. 2016) (quoting *Graham*, 490 U.S. at 388). "An officer may employ force, when such force is reasonable under the circumstances, in the course of his or her duty." *Moody v. City of Newport News, Virginia*, 193 F. Supp. 3d 530, 543 (E.D. Va. 2016), *aff'd sub nom. Moody v. Hollandsworth*, 690 F. App'x 140 (4th Cir. 2017).

In determining whether force is reasonable, courts must carefully balance " 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 396 (quoting *Tenneessee v. Garner*, 471 U.S. 1, 8 (1985)). To do so, courts "focus on the facts and circumstances of each case, taking into account '[1] the severity of the crime at issue, [2] whether the suspect poses an immediate threat to the safety of the officers or others, and [3] whether he is actively resisting arrest or attempting to evade arrest by flight.' " *Yates v. Terry*, 817 F.3d 877, 885 (4th Cir. 2016) (quoting *Graham*, 490 U.S. at 396); *Armstrong*, 810 F.3d at 899. Courts must consider the reasonableness of the force employed " 'in full context, with an eye toward the proportionality of the force in light of all the circumstances.' " *Smith v. Ray*, 781 F.3d 95, 101 (4th Cir.2015) (quoting *Waterman*

9

*v. Batton*, 393 F.3d 471, 481 (4th Cir.2005)). The Court of Appeals for the Fourth Circuit has recognized that " 'police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—[and] we take care to consider the facts from the perspective of a reasonable officer on the scene, and avoid judging the officer's conduct with the 20/20 vision of hindsight.' " *Cooper v. Sheehan*, 735 F.3d 153, 158–59 (4th Cir.2013) (quoting *Clem v. Corbeau*, 284 F.3d 543, 550 (4th Cir.2002)).

While the pleading standard set forth in the Federal Rules of Civil Procedure "does not require detailed factual allegations . . . it demands more than an unadorned, 'the-defendant-unlawfully-harmed-me' accusation." *Iqbal*, 556 U.S. at 678. Yet Plaintiff's Complaint does just that—alleges that Defendant used excessive force in putting Plaintiff in the patrol vehicle without telling the Court *how* the force used was excessive. Plaintiff's factual allegations related to this claim are as follows:

> After defendant S. Wilshire placed me in handcuffs, he and the other officers used excessive force to place me in the vehicle after I politely asked to speak to the supervisor above them all. As they continued to force me in the vehicle[,] I asked them to be patient because I couldn't be comfortable getting in the way they were forcing me to get in. I informed them that I had herniated discs in my back. I also have bad arthritis in my left knee. They continued to force me into the patrol car.

(ECF No. 18 at 2). This falls short of the requisite standard.

In short, each of Plaintiff's claims set forth in the *Amended Complaint*—despite having a prior opportunity to amend and cure factual deficiencies—still falls short of the pleading standard and warrants dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. However, the undersigned notes that "the Fourth Circuit has stated that a court should consider granting plaintiffs, particularly *pro se* plaintiffs, leave to amend if it dismisses a complaint based on [Rule] 12(b)(6)." *Smith v. Virginia,* No. 3:08cv800,

2009 WL 2175759, at *9 (E.D. Va. July 16, 2009) (*citing Ostrzenski v. Seigel,* 177 F.3d 245, 252–53 (4th Cir.1999)). In fact, amendment should be refused only if it appears to a certainty that plaintiff cannot state a claim. The better practice is to allow at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the court will be able to determine conclusively on the face of a defective pleading whether plaintiff can state a proper claim. *Id.* at 253. Accordingly, the undersigned **FINDS** that Plaintiff should be granted leave to file a Second Amended Complaint that sets forth sufficient factual support for Plaintiff's claims.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that Defendant's motion be **DENIED WITHOUT PREJUDICE**, and Plaintiff be granted a reasonable period of time from the presiding District Judge's adjudication of the instant Proposed Findings and Recommendation to file a Second Amended Complaint.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and *Federal Rule of Civil Procedure* 72(b), the parties shall have fourteen (14) days (filing of objections) and three (3) days (mailing) from the date of the filing of this Proposed Findings and Recommendation to file with the Clerk of this Court specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Copies of any objections shall be provided to the opposing party or, if it is represented by counsel, to its counsel, and to Judge Goodwin.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Fourth Circuit Court of Appeals. 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

The Clerk is **DIRECTED** to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff and to transmit a copy to counsel of record.

ENTERED: September 5, 2025

Dwane L. Tinsley
United States Magistrate Judge