## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

MAURICE-EDWARD: THOMPSON,

        Plaintiff,

v.                                                              CIVIL ACTION NO.   2:24-cv-00268

S. WILSHIRE,

        Defendant.

### PROPOSED FINDINGS & RECOMMENDATION

This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and it is referred to the undersigned United States Magistrate Judge by standing order for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3). Before this Court is the motion to dismiss Plaintiff's second amended complaint filed by Defendant S. Wilshire ("Defendant"). (ECF No. 33). On November 10, 2025, the undersigned entered an *Order* notifying the pro-se Plaintiff, Marice-Edward Thompson ("Plaintiff"), of his rights and obligations in responding to the motion in accordance with *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). (ECF No. 35). Plaintiff filed a response in opposition to Defendant's motion on December 1, 2025. (ECF No. 36). Defendant filed a reply brief on December 8, 2025. (ECF No. 37). Accordingly, the motion is now ripe for adjudication. For the reasons set forth herein, the undersigned respectfully **RECOMMENDS** that Defendant's motion be **GRANTED**, and this civil action be **DISMISSED**, with prejudice.

## I.  __BACKGROUND__

Plaintiff initiated this civil action on May 30, 2024. (ECF No. 2). On two prior occasions, the Court permitted Plaintiff to amend his complaint—despite finding that Plaintiff's complaint fell below the minimum pleading standard, lacking sufficient factual allegations to state a plausible claim for relief. (ECF Nos. 17; 30). The undersigned explained to Plaintiff that, "[w]ithout more factual allegations, it is not clear from the face of the complaint whether Defendant's alleged actions violated the Fourth Amendment" because, *inter alia*, "a traffic stop based on a reasonable suspicion of a traffic violation comports with the Fourth Amendment." (ECF No. 30 at 7-8) (citing *Whren v. United States*, 517 U.S. 806, 813 (1996)). Likewise, the undersigned explained that the complaint alleged Defendant used excessive force in putting Plaintiff in the patrol vehicle without telling the Court how the force used was excessive—and that, "[w]hile the pleading standard set forth in the Federal Rules of Civil Procedure "does not require detailed factual allegations . . . it demands more than an unadorned, 'the-defendant-unlawfully-harmed-me' accusation." (ECF No. 30 at 10) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). After setting forth the pleading standard in great detail, the undersigned found that "Plaintiff should be granted leave to file a second amended complaint that sets forth sufficient factual support for Plaintiff's claims." (ECF No. 30 at 11).

This matter is now before the Court on Plaintiff's second amended complaint. (ECF No. 2). Defendant has once again moved to dismiss on the grounds that Plaintiff failed to state a plausible claim for relief. In the second amended complaint, Plaintiff seeks to assert a claim pursuant to 42 U.S.C. § 1983. (ECF No. 32). Plaintiff alleges that on or about April 28, 2024, Defendant—identified as "a police officer employed by the Oak Hill Police Department"—conducted a traffic stop of Plaintiff's automobile as Plaintiff was traveling

along "U.S. 19 near Greenstown in Fayette County," West Virginia. *Id.* at 2. According to the second amended complaint, "Defendant claimed he noticed an automobile traveling with a defective license plate light." *Id.* Plaintiff offers *no further factual allegations.* Instead, the second amended complaint concludes that "the Defendant unlawfully detained, used excessive force, and denied me due process." *Id.* Plaintiff also attached to the second amended complaint what appears to be excerpts of incident statements from officers of the Oak Hill Police Department dated July 11, 2024. Neither of the statements cure the deficiencies previously identified by the Court.

## II.    **LEGAL STANDARD**

To survive a motion to dismiss, a plaintiff's complaint must set forth sufficient allegations of fact to set forth a plausible legal claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). A complaint may not simply rely on bald accusations, conclusory statements, or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). The U.S. Supreme Court has explained that if the complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," dismissal is proper. *Twombly*, 550 U.S. at 555. In other words, it is fundamentally insufficient for a complaint to be made up of nothing more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Instead, the complaint must plead facts which move the claim beyond the realm of mere possibility and allow the court to draw the reasonable inference that the defendant is liable. *Iqbal*, 556 U.S. at 678.

While a pleading filed by a pro-se party must be afforded a liberal construction, the Court may not ignore a clear failure in the pleading to allege facts which set forth a

cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990) (citing *Iqbal*, 556 U.S. at 685 (2009).

## III.  <u>DISCUSSION</u>

For precisely the same reasons set forth previously in the undersigned's two prior *Proposed Findings and Recommendation*, incorporated herein by reference (*see* ECF Nos. 17; 30), Plaintiff's third bite at the apple falls far short of the minimum pleading standard set forth by the U.S. Supreme Court because it does not set forth plausible factual allegations but rather offers nothing more than conclusory and unadorned, "the-defendant-unlawfully-harmed-me" accusations. *Iqbal*, 556 U.S. at 678. As the undersigned previously explained at length, the Plaintiff did not provide sufficient factual allegations for the Court to determine whether Defendant's *Terry* stop of Plaintiff's automobile on April 28, 2024, violated the Fourth Amendment. Plaintiff's attempt to attach exhibits to his pleading does not alter this fact—particularly because, as the undersigned has already explained, the Court's Fourth Amendment analysis "does not depend on the actual motivations of the individual officers involved." *Whren v. United States*, 517 U.S. 806, 813 (1996). Even if the officer is ultimately incorrect about whether the traffic infraction occurred, a mistaken but reasonable belief does not violate the Fourth Amendment, which simply "requires that an officer making a traffic stop have probable cause or reasonable suspicion that the person stopped has committed a traffic violation[.]" *United States v. Stewart*, 551 F.3d 187, 191 (2d Cir. 2009). *See also United States v. Martin*, 411 F.3d 998, 1001 (8th Cir. 2005) ("The determinative question is not whether [defendant] actually violated the Motor Vehicle Code by operating a vehicle with one defective brake light, but whether an objectively reasonable police officer could have formed a reasonable suspicion that [defendant] was committing a code violation.");

*United States v. Lopez–Soto*, 205 F.3d 1101, 1105 (9th Cir.2000) ("[T]he Fourth Amendment requires only reasonable suspicion in the context of investigative traffic stops."). Plaintiff's second amended complaint alleges that "Defendant claimed he noticed an automobile traveling with a defective license plate light." (ECF No. 32 at 2). Plaintiff does not accuse Defendant of falsifying the allegation in order to create pretext for a traffic stop. *See Hawthorne v. Cty. of Putnam*, 492 F. Supp. 3d 281, 295 (S.D.N.Y. 2020). Further, while Plaintiff alleges that Defendant used excessive force, Plaintiff set forth *zero* allegations of fact regarding the manner in which the excessive force occurred. Simply put, without more, Plaintiff has utterly failed to demonstrate a violation of his Fourth Amendment rights.

Nor does Plaintiff's pro-se status provide him any further relief. The mandated liberal construction afforded to pro-se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him or her, or "conjure up questions never squarely presented" to the Court. *Randolph v. Baltimore City*, 14-3176, 2014 WL 5293708, at *1 (D. Md. Oct. 14, 2014), *aff'd sub nom. Randolph v. New Tech*, 588 Fed. App'x 219 (4th Cir. 2014) (citations omitted) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)). *See also Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (affirming dismissal where the "complaint fail[ed] to allege anything that even remotely suggests a factual basis for the claim," and explaining that "[t]he 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate"). Consequently, the Court may deny leave to amend when "the amendment would be futile," such that "it is clearly

insufficient or frivolous on its face" or "if the claim it presents would not survive a motion to dismiss." *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010); *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019). Here, amendment would unquestionably be futile. Despite the undersigned giving Plaintiff leave to amend his complaint—twice—with specific explanations of the deficiencies in his pleading, Plaintiff has once again filed a pleading with precisely the same set of factual deficiencies that plagued the original complaint. (*Compare* ECF No. 32, *with* ECF Nos. 2; 18). Under the circumstances, dismissal with prejudice is proper.

## IV.    <u>RECOMMENDATION</u>

For the foregoing reasons, it is respectfully **RECOMMENDED** that Defendant's motion to dismiss (ECF No. 33) be **GRANTED**, and that this civil action be **DISMISSED**, with prejudice, and removed from the Court's active docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of the filing of this Proposed Findings and Recommendation to file with the Clerk of this Court specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection; further, pursuant to Rule 6(d), any unrepresented party shall have an additional three (3) days after this fourteen-day period if service is made via U.S. Mail. Extension of this time period may be granted by the presiding District Judge for good cause shown. A copy of any objections shall be provided to Judge Goodwin, and to each

opposing party—except that, if any opposing party is represented by counsel, that party's copy should be provided to his or her counsel.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Fourth Circuit Court of Appeals. 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

The Clerk is **DIRECTED** to file this Proposed Findings and Recommendation, and to transmit a copy to counsel of record and any unrepresented party.

ENTERED:    February 3, 2026

Dwane L. Tinsley
United States Magistrate Judge